Barshay Sanders PLLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF Florida
MIAMI DIVISION

YURIY PINKHASOV, individually and on behalf of all others similarly situated,

Case No: 1:20-cv-22784-CMA

Plaintiff,

vs.

COLUMBIA DEBT RECOVERY, LLC,

Defendant.

------------------------------------------------------------------/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND CROSS-MOTION FOR LEAVE TO AMEND COMPLAINT**

1. Plaintiff opposes Defendant's motion to dismiss and hereby cross-moves this Court for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 (a)(2) and Fed. R. Civ. P. 21. *A copy of the amended complaint is attached as Exhibit 1 and a redlined version of the amended complaint showing the proposed changes is attached as Exhibit 2*.

2. The primary argument advanced in Defendant's motion to dismiss is that Plaintiff lacks standing to prosecute the claims alleged, insofar as the Complaint purportedly fails to allege an injury that is anything more than a "bare procedural violation." In support, Defendant relies almost entirely on the Eleventh Circuit's recent decision in *Trichell v. Midland Credit Management, Inc.*, 964 F.3d 990 (11th Cir. 2020), wherein the Court held, *inter alia,* that a 'mere informational injury' is insufficient to confer *Spokeo* standing on a consumer alleging a violation of the FDCPA.[1]

---

[1] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

3. While Plaintiff believes that Defendant relies on an overly-expansive reading of *Trichell,* and that the Complaint before the Court should withstand such scrutiny, Plaintiff nonetheless seeks leave of this Court to amend the Complaint, both to amplify the pleading and ensure that all potential claims arising out of Defendant's wrongful actions are heard.

4. Rule 15(a)(2) instructs the Court to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of Am. Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted).

5. Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Donley v. City of Morrow, Ga.,* 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

**PROCEDURAL HISTORY**

6. Plaintiff commenced this case upon the filing of a Summons and Complaint with this Court on July 7, 2020. *Dkt. No.* 1, *et seq.* The Clerk issued the requested Summons on the same date. *Dkt. No.* 3. Defendant was served with process on July 29, 2020, and proof of such service was filed with the Court August 5, 2020. *Dkt. No.* 5.

7. Defendant appeared in this case upon the filing of an Answer on August 25, 2020. *Dkt. No.* 8. Thereafter, the parties filed a proposed Joint Scheduling Report with Integrated Discovery Plan. *Dkt. No.* 11. The proposed Joint Scheduling Report provided that amendments to the pleadings and/or add parties would be allowed up to and including October 31, 2020. *Id.* Fact discovery is otherwise scheduled to close on March 3, 2021. *Id.*

8. On September 4, 2020, Judge Altonaga issued an Order, *inter alia,* requiring mediation and revising the parties' proposed Joint Scheduling Report. *Dkt. No.* 12. Relevant to this application, Judge Altonaga's Order provided that motions to amend the pleadings shall be filed on or before October 16, 2020. *Id*. The Order provides that all discovery shall be completed by March 8, 2021. *Id.*

9. On October 1, 2020, the Court issued an Order scheduling a mediation to take place on March 10, 2021. *Dkt. No.* 19.

10. On December 2, 2020, Defendant filed a motion to dismiss for lack of jurisdiction.

## RELIEF SOUGHT

11. By this motion, Plaintiff seeks leave to amend his Complaint to: (i) amplify the allegations pertaining to the initial claim; (ii) add additional counts for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) (the "FDCPA"); and (iii) add a claim under the Fair Credit Reporting Act, 15 U.S.C. 1681 et. seq. ("FCRA").

12. In addition to adding in the additional counts, the contemplated amendment seeks to remove the class allegations.

## BASIS FOR RELIEF

13. Plaintiff seeks leave to amplify the original pleading insofar as Defendant did not allege a *Trichell* objection until the filing of its motion to dismiss on December 2, 2020, a date after the time for Plaintiff to have filed an amendment to the Complaint in accordance with the Court's September 4, 2020, Order.

14. Plaintiff also seeks leave to amend the Complaint to add the additional FDCPA claims and FCRA claims articulated therein, insofar as it would serve the interests of judicial economy to have all claims arising from the underlying facts heard at one time.

15. It is respectfully submitted that cause exists for the Court to consider the instant motion because, although it has been filed after the date fixed for such amendments in the Court's September 4, 2020, Order, compliance with the deadline set forth in the Order was a practical impossibility, due to the fact that Plaintiff began to suffer from health ailments toward the end of September and beginning of October and subsequently tested positive for COVID.

16. Due to Plaintiff's physical condition and diminished capacity during this period, Plaintiff was essentially unable to effectively assist counsel in this action.

17. The undersigned counsel had attempted to reach Plaintiff in advance of the amendment cutoff date, but, was unable to do so.

18. Plaintiff did not respond to any requests that he call this office to discuss his case.

19. It was not until we recently learned of Plaintiff's COVID diagnosis that we understood the reason for his unavailability at the relevant time.

20. Given the unknowns of COVID, Plaintiff was justifiably concerned for his health and well-being. It necessarily follows that Plaintiff's inability to focus on this matter was both understandable and justifiable, insofar as one is not likely to care about any private affairs after being diagnosed with a disease that has taken the lives of hundreds of thousands world-wide.

21. As Plaintiff is now fully recovered, it is respectfully requested that cause exists for the Court to entertain this application.

22. As the Eleventh Circuit has held, leave to amend a complaint "shall be freely given when justice so requires." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir.1984) (citations omitted). This holding is consistent with Supreme Court precedent. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (leave to amend should be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party).

23. In a case such as this, however, where a party seeks leave to amend a pleading outside the deadline set forth in a scheduling Order, this Court has observed that such relief should not be granted except upon a showing of "good cause." *John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 701 (S.D. Fla. 2007), on reconsideration in part, No. 06-60786-CIV, 2007 WL 2481528 (S.D. Fla. Sept. 4, 2007).

24. In this case, it is respectfully submitted that Plaintiff's positive COVID diagnosis satisfies the "good cause" exception. Indeed, while Plaintiff's contraction of the virus was thankfully not life-threatening, Plaintiff was justifiably apprehensive following his being so diagnosed, and should be excused from being unable to focus on any matters other than his health and the health of those around him, until such time as he received physician assurances that his personal experience with this global pandemic was over.

25. Upon finding that Plaintiff's contraction of a virus that has resulted in the death of more than 1.5 million people worldwide constitutes "good cause" to excuse the filing of this motion beyond the date set forth in the Court's Order, the Court should find that no other factors weigh in favor of denial.

26. There has been no undue delay by Plaintiff in this action, as any arguable delay was a result of Plaintiff's health-scare.

27. There has been no bad faith or dilatory motive, insofar as this case remains in its infancy.

28. The proposed amendments are clearly not futile, insofar as the allegations would be sufficient to survive a motion to dismiss under Rule 12(b)(6).

29. Finally, Defendant cannot be heard to complain of prejudice insofar as Defendant has yet to serve any discovery demands, and discovery will remain open for nearly four (4) more months, prior to the mediation scheduled in this matter.

30. As was stated above, while leave to amend is ordinarily to be "freely given," where, as here, a request for leave to amend is made after the date set forth in a Scheduling Order, Courts often require the movant to show "good cause" to grant such leave.

31. In this case it is respectfully submitted that the constrains existing due to the global pandemic in general—and Plaintiff's personal experience with having tested positive for COVID 19—should be considered sufficient to satisfy the good cause test as to why this application is being filed at this time. It would simply be inequitable to fault Plaintiff for having been unable to tend to this matter in the days and weeks after having been diagnosed with a potentially deadly disease. Insofar as the proposed amendment is otherwise meritorious, it is respectfully submitted that the Court should find good cause to grant the instant motion.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant his motion to file the amended complaint (Exhibits 1 and 2 hereto), and for such other relief as the Court may deem just and proper.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, undersigned counsel certifies that counsel for both parties conferred via telephone on December 11, 2020, prior to this application, and counsel for Defendant has advised that Defendant opposes the relief sought herein.

DATED: December 16, 2020

                                            **BARSHAY SANDERS, PLLC**

                                            By: */s Craig B. Sanders*
                                            Craig B. Sanders, Esq.
                                            100 Garden City Plaza, Suite 500
                                            Garden City, New York 11530
                                            Tel: (516) 203-7600
                                            Fax: (516) 706-5055
                                            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

>                                             */s Craig B. Sanders*
>                                             Craig B. Sanders, Esq.

Barshay Sanders PLLC